UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA        :     INFORMATION
                                :
          - v. -                :
                                :     07 Cr. ___
JERSON CANO,                    :
                                :
               Defendant.       :
                                :
- - - - - - - - - - - - - - - - - -x



COUNT ONE

The United States Attorney charges:

1. On or about March 19, 2007, in the Southern District of New York and elsewhere, JERSON CANO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JERSON CANO, the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).



Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about March 19, 2007, in New York, New York, JERSON CANO, the defendant, met with a co-conspirator not named as a defendant herein ("CC-1") to receive heroin.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One of this Information, JERSON CANO, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Information, including but not limited to proceeds obtained as a result of the offense described in Count One of this Information.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited

with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

 (Title 21, United States Code, Sections 846 and 853.)

           _____
           MICHAEL J. GARCIA
           United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

JERSON CANO,

Defendant.

---

### INFORMATION

07 Cr. ___ (BSJ)

(Title 21, United States Code, Section 846.)

---

                  MICHAEL J. GARCIA
           United States Attorney.

---

6/18/07 - Deft, pres. with attorney Lawrence Herrmann, Esq. AUSA: Orlo Devlin-Brown present and Spanish Interpreter, Paula Hold. Deft. fld. Waiver of Indictment and Information and entered a not guilty to the Information. Deft.'s bail status continued as previously set. Next conf is set for 7/20/07 at 2:00pm before Judge Jones. Time is exclude from June 18 to July 20, 2007.

S. Eaton, J. U.S.M.J.